Jawid AMIR, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 05–70552.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 7, 2009.[*]

Filed March 24, 2009.

---

[*] The panel unanimously finds this case suitable
for decision without oral argument.  *See* Fed.
R.App. P. 34(a)(2).

Gary J. Yerman, Esq., Law Office of Gary J. Yerman, New York, NY, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John S. Stevens, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

## MEMORANDUM **

Jawid Amir, a native and citizen of Afghanistan, petitions for review of a final decision issued by the Board of Immigration Appeals (BIA), affirming an Immigration Judge's (IJ) denial of asylum, withholding of removal, and Convention Against Torture (CAT) protection. We deny the petition.

The IJ determined that Amir was not a credible witness. We agree. Inconsistencies regarding Amir's alleged injuries, his release from the hospital, and the circumstances of his departure from Afghanistan are substantial and go to the heart of his claim of past persecution. *See*

Singh v. Gonzales, 439 F.3d 1100, 1105 (9th Cir.2006) ("An inconsistency goes to the heart of a claim if it concerns events central to petitioner's version of why he was persecuted and fled."). Moreover, many of Amir's claims were clearly rebutted by the testimony of his ex-wife.

Because Amir failed to establish past persecution, he is not entitled to a presumption of future persecution; nor does the evidence "compel a finding that future persecution is an objectively reasonable possibility." *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 & n. 4 (9th Cir.2005). Amir therefore did not establish his eligibility for asylum and also failed to meet the higher burden required for withholding of removal. *See Kumar v. Gonzales*, 439 F.3d 520, 525 (9th Cir.2006). His failure to establish his eligibility for asylum does not, however, preclude CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003) (noting "the standards for the two bases of relief are distinct and should not be conflated"). Nonetheless, because his claim of torture is based on the same statements and evidence the IJ determined not to be credible, Amir's CAT claim was also properly rejected. *See id.* at 1157.

Amir contends he did not get a fair hearing before the IJ. Although the record indicates the IJ was somewhat aggressive in her questioning and often critical of Amir's circuitous responses, we conclude that Amir was not denied due process or prevented from fully presenting his case. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir.2003) (noting IJ's aggressive and harsh questioning but reasoning such conduct did not violate due process).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Amir also argues the IJ relied on documents that she previously suggested were inaccurately translated. This is an alleged procedural error requiring exhaustion before the BIA. *Cf. Garcia–Ramirez v. Gonzales,* 423 F.3d 935, 938 (9th Cir. 2005) (Procedural errors are not exempt from the administrative exhaustion requirement if the BIA has authority to redress them.). We do not have jurisdiction to review this claim because Amir failed to raise it before the BIA.

**PETITION FOR REVIEW DENIED.**